HONORABLE BENJAMIN H. SETTLE

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ROBERT KELLY, ERYN LEARNED, AND KERRY WANO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE MCCLATCHY COMPANY, LLC, a Delaware corporation,<br><br>Defendant. | Civil Action No. 3:21–cv–05468–BHS–DWC<br><br>**DEFENDANT'S MOTION TO TRANSFER VENUE**<br><br>NOTE ON MOTION CALENDAR: September 17, 2021<br><br>ORAL ARGUMENT REQUESTED |

Pursuant to 28 U.S.C. § 1404(a), Defendant The McClatchy Company, LLC ("McClatchy") respectfully requests the Court transfer the above–entitled action to the United States District Court for the Eastern District of California in accordance with the forum-selection clause in the Terms of Service that Plaintiffs Robert Kelly, Eryn Learned, and Kerry Wano agreed to be bound by when they subscribed to a McClatchy newspaper ("Plaintiffs").

## FACTUAL BACKGROUND

McClatchy owns and operates newspapers throughout the United States, including but not limited to The Olympian, The Idaho Statesman, and The Kansas City Star. *See* Declaration of Maria Ravera (hereinafter "Ravera Decl.") ¶ 2; ECF No. 1 ¶¶ 42, 54, 69. Individuals who subscribe to a newspaper owned by McClatchy agree to be bound to "Terms of Service"—whether by electronically signing the Terms of Service, agreeing to be bound to them via telephone, or by responding to a direct mailing—and further confirm agreement to be bound by them by paying

DEFENDANT'S MOTION TO TRANSFER VENUE - 1
Case No. 3:21-cv-05468-BHS-DWC

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

their subscription fees. *See* Ravera Decl. ¶ 3. These Terms of Service are identical for each newspaper, except for the information specific to the newspaper. *See id*.

When an individual subscribes in person, this agreement to be bound to the Terms of Service is confirmed by the subscribing individual electronically checking an unchecked check box immediately adjacent to the following statement:

> I have read and agree to the Terms of Service. Our content is delivered to you by various methods and formats. For your convenience, your subscription will automatically renew after the initial term at the current rate unless you tell us to cancel. We reserve the right to substitute the delivery and format of your print subscription with only an eEdition (digital replica of a print edition) at any time. Notice of delivery and format changes, except those caused by inclement weather, will be given at least 30 days in advance.

*See* Ravera Decl. Ex. 1 at 2. The Terms of Service are linked to this disclosure and the check box must be checked in order for the individual to complete the subscription transaction. *See* Ravera Decl. ¶ 4.

For those who subscribe via telephone, the Terms of Service are read to them prior to completing the subscription. *See id.* ¶ 5. For those who subscribe via direct mailing, a printed link to the Terms of Service is included within the disclosures. *See id.* ¶ 6. A link to the Terms of Service is also present in each renewal bill, whether provided via hard copy or electronically. *See* Ravera Decl. Ex. 2 at 2.

Each of the Plaintiffs in this case has alleged that they subscribed to a McClatchy newspaper through one of the various available means, tacitly admitting that they agreed to be bound by McClatchy's Terms of Service and the arbitration provision therein. *See* ECF No. 1 ¶¶ 42, 54, 69. Material to Plaintiffs' Complaint, since 2015, McClatchy's Terms of Service have included the following arbitration provision, with the newspaper specific information auto–filled into the form Terms of Service:

**10.3. Dispute Resolution and Arbitration**

You and [PAPER_NAME] agree to the following dispute resolution process for

DEFENDANT'S MOTION TO TRANSFER VENUE - 2
Case No. 3:21-cv-05468-BHS-DWC

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

any legal controversy or legal claim arising out of or relating to these Terms of Service, [SITE_NAME], any subscription to [PAPER_NAME] or [SITE_NAME] or any other aspect of our relationship ("Subject Legal Claim").

In an attempt to find the quickest and most efficient resolution of our issues, you and [PAPER_NAME] agree to first discuss any issue informally for at least 30 days. To do that, please send your full name and contact information, your concern and your proposed solution by email to us at: customerservice@mcclatchy.com. If we should need to discuss an issue with you, we will contact you using the email or mailing address on your account.

If we do not reach an agreed upon solution after our discussions for at least 30 days, you and [PAPER_NAME] agree that any Subject Legal Claim that either of us may have must be resolved through binding individual arbitration before the American Arbitration Association using its Consumer Arbitration Rules. There are two limited exceptions to this Dispute Resolution and Arbitration provision: (i) either party may pursue in small claims court any action that is within that court's jurisdiction, as long as the case proceeds on an individual basis only; (ii) either party may seek to enforce its patents, trademarks, copyrights or trade secrets in an appropriate state or federal court.

To help resolve any issues between us promptly and directly, you and [PAPER_NAME] agree to begin any arbitration within one year after a Subject Legal Claim arises; otherwise, the Subject Legal Claim is waived. You and [PAPER_NAME] also agree to arbitrate in each of our individual capacities only, not as a representative or member of a class, and each of us expressly waives any right to file a class action or seek relief on a class basis. All arbitration hearings will be held in Sacramento, California. The parties agree that this Dispute Resolution and Arbitration provision is subject to, and will be governed and enforced under, the Federal Arbitration Act.

You may download a form Notice to initiate arbitration at www.adr.org. If you initiate the arbitration, your arbitration fees will be limited to the filing fee set forth in the AAA's Consumer Rules. It is important that you understand that the arbitrator's decision will be binding and may be entered as a judgment in any court of competent jurisdiction. If the arbitrator rules against [PAPER_NAME], in addition to accepting whatever responsibility is ordered by the arbitrator, we think it's fair that [PAPER_NAME] reimburse your reasonable attorneys' fees and costs, regardless of who initiated the arbitration. In addition, if the arbitrator rules in [PAPER_NAME]'s favor, it will not seek reimbursement of our attorney's fees, regardless of who initiated the arbitration.

Ravera Decl. Ex. 3 at 9–10.[1]

---

[1] Although there have been minor modifications to the Terms of Service since 2015, the arbitration clause has remained the same. Ravera Decl. ¶ 10. A copy of the current Terms of Service for each

DEFENDANT'S MOTION TO TRANSFER VENUE - 3
Case No. 3:21-cv-05468-BHS-DWC

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

The American Arbitration Association (AAA)'s Consumer Arbitration Rules cited in the Terms of Service are available to the public free of charge and easily locatable at https://www.adr.org/sites/default/files/Consumer%20Rules.pdf.

AAA's Consumer Arbitration Rules include the following provision:

Jurisdiction

(a) The arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope, or validity of the arbitration agreement or to the arbitrability of any claim or counterclaim.

(b) The arbitrator shall have the power to determine the existence or validity of a contract of which an arbitration clause forms a part. Such an arbitration clause shall be treated as an agreement independent of the other terms of the contract. A decision by the arbitrator that the contract is null and void shall not for that reason alone render invalid the arbitration clause.

Request for Judicial Notice ("RJN") Ex. 1 at 17. The current Consumer Arbitration Rules became effective September 1, 2014, *id.* at 1, and, therefore, are the applicable Consumer Arbitration Rules for Plaintiffs' claims.

On June 29, 2021, notwithstanding that Plaintiffs agreed that all Subject Legal Claims are governed by the Terms of Service's arbitration provision, which includes a one-year limitations period, Sacramento, California as the chosen venue, and a class action waiver, Plaintiffs filed a Complaint in the Western District of Washington including claims that are time barred on behalf of a nationwide class of individuals. ECF No. 1.

## **LEGAL STANDARD**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Where such transfer is made to enforce a contractual forum–selection clause, "a district court should ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances

---

of the at-issue newspapers are appended to Ms. Ravera's declaration. *See* Ravera Decl. Exs. 4–6.

DEFENDANT'S MOTION TO TRANSFER VENUE - 4
Case No. 3:21-cv-05468-BHS-DWC

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Atl. Marine Constr. Co. v. United States Dist. Court*, 571 U.S. 49, 62 (2013).

When a forum–selection clause forms the basis for a Section 1404(a) motion, the standard analysis is modified in three ways: (1) a plaintiff forfeits his or her choice of forum privilege and "bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted," (2) a court "should not consider arguments about the parties' private interests . . . [but] may consider arguments about public–interest factors only," and (3) "transfer of venue will not carry with it the original venue's choice–of–law rules." *Id*. at 63–65.

## ARGUMENT

The Terms of Service expressly require that that all "Subject Legal Claim[s]," defined as "any legal controversy or legal claim arising out of or relating to these Terms of Service, [SITE_NAME], any subscription to [PAPER_NAME] or [SITE_NAME] or any other aspect of our relationship," be resolved on an individual basis in an AAA arbitral forum in Sacramento, California. *See* Ravera Decl. Ex. 3 at 9. However, since the rule in the Ninth Circuit appears to be that a court may only compel arbitration within its jurisdiction, the proper procedure appears to be to transfer this case to the Eastern District of California, where McClatchy may then file its motion to compel arbitration, and the Eastern District of California will retain jurisdiction to enforce any arbitral ruling. Transfer to the Eastern District of California is appropriate because Sacramento, California is located within that District.

**A. Arbitration in Sacramento is the Proper Forum to Resolve Plaintiffs' Claims**

Regardless of what substantive law applies, "both state and federal law strongly favor arbitration and require all presumptions to be made in favor of arbitration." *Gandee v. LDL Freedom Enters., Inc.*, 176 Wn.2d 598, 603, 293 P.3d 1197 (2013) (citing *Zuver v. Airtouch Commc'ns, Inc.*, 153 Wn.2d 293, 301, 103 P.3d 753 (2004)); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983) ("Section 2 is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary."). "Courts must

DEFENDANT'S MOTION TO TRANSFER VENUE - 5
Case No. 3:21-cv-05468-BHS-DWC

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

indulge every presumption 'in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.'" *Adler v. Fred Lind Manor*, 153 Wn.2d 331, 342 (2004) (citing *Moses*, 460 U.S. at 25).[2]

Here, the parties expressly agreed to four routes by which Subject Legal Claims would be resolved: (1) informally, (2) on an individual basis through AAA arbitration in Sacramento, California; (3) in a small claims court; or (4) in state or federal court for intellectual property claims. Ravera Decl. Ex. 3 at 9. Plaintiffs have filed a formal complaint but are not alleging any intellectual property claims and have not brought individual claims in a small claims court. Therefore, the only remaining agreed-upon option is to resolve any Subject Legal Claim on an individual basis through AAA binding arbitration in Sacramento, California.

**B. Transfer is Necessary As This Court Likely Does Not Have Jurisdiction to Compel Arbitration in Sacramento, California**

Although 9 U.S.C. § 4 authorizes federal courts to compel arbitration, courts in the Ninth Circuit implementing the statute have held that such authority is limited to compelling arbitration within a court's jurisdiction. *See, e.g.*, *Guo v. Kyani*, Inc. No. LA CV17–08257 JAK (GJSx), 2018 U.S. Dist. LEXIS 227744, at *14 (C.D. Cal. July 20, 2018) ("[I]n the Ninth Circuit, a district court may not compel arbitration in a district other than the district in which the motion or petition to compel was filed." (citing *Lexington Ins. Co. v. Centex Homes*, 795 F. Supp. 2d 1084, 1091 (D. Haw. 2011))).[3] Consequently, once the Court transfers this matter to the Eastern District of

---

[2] Although the issue of enforceability of the Terms of Service is not directly before this Court, the parties have expressly delegated the determination of enforceability to the arbitrator by incorporating the AAA Consumer Arbitration Rules. *See Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015) ("[G]ateway issues [of arbitrability] can be expressly delegated to the arbitrator where 'the parties clearly and unmistakably' [do so.]" (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 649 (1986))); *Brennan*, 796 F.3d at 1130 ("Now that the question regarding incorporation of the AAA rules is squarely before us, we hold that incorporation of the AAA rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability."); Ravera Decl. Ex. 3 at 9–10.

[3] The Ninth Circuit has not directly addressed the question as to whether a defendant can move to compel arbitration outside of a district court's jurisdiction. *See Cont'l Grain Co. v. Dant & Russell, Inc.*, 118 F.2d 967, 969 (9th Cir. 1941) (affirming District Court of Oregon's order to compel

DEFENDANT'S MOTION TO TRANSFER VENUE - 6
Case No. 3:21-cv-05468-BHS-DWC

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

California, McClatchy will exercise its contractual right to move to compel arbitration in Sacramento, as agreed to by the parties in the Terms of Service.

The majority of the factors a court considers in deciding a motion to transfer further weigh in favor of a transfer of this Action. As noted above, analysis of motions to transfer based on enforcing a valid forum–selection clause does not give weight to a plaintiff's selection of forum or consider the private interests of the parties. *Atl. Marine*, 571 U.S. at 63–64. Thus, the only factors left to consider are the public–interest considerations, *i.e.*, "administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; . . . the avoidance of unnecessary problems in conflict of laws . . . ; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947)). Here, there is no "local interest" because the Complaint alleges claims on behalf of a nationwide putative class

---

arbitration in Oregon despite arbitration clause identifying New York because the plaintiff, "having invoked the jurisdiction of the United States District Court for Oregon is hardly in a position to complain that it has exercised that jurisdiction in accordance with the statute giving it jurisdiction"); *Textile Unlimited v. A..bmhand Co.*, 240 F.3d 781, 785 (9th Cir. 2001) (noting that Section 4 "confines the arbitration to the district in which the petition to compel is filed" but doing so in the context of a motion to enjoin pending arbitration). However, most district courts in the Ninth Circuit, while "sympathetic to Defendants' argument that Plaintiffs should not be allowed to avoid the contractual place–of–arbitration clause simply by filing suit in another judicial district," have interpreted the language of *Continental Grain* and *Textile Unlimited* to be "a broad statement that a court may not compel arbitration in another judicial district." *Larson v. Speetjens*, No. C 05–3176 SBA, 2006 U.S. Dist. LEXIS 87481, at *7–8 (N.D. Cal. Nov. 17, 2006). *But see Sovak v. Chugai Pharm. Co.*, 280 F.3d 1266, 1271 n.1 (9th Cir. 2002) (affirming Southern District of California court's order compelling arbitration in Chicago because the plaintiff had waived the argument by not raising it in the opposition to the motion to compel). There is a circuit split as to whether courts can compel arbitration outside of their jurisdiction. *Compare Econo–Car Int'l v. Antilles Car Rentals*, 499 F.2d 1391, 1394 (3d Cir. 1974) ("[Section 4's] requirement that arbitration take place in the district court where the petition is filed is clear and unequivocal.") *with Dupuy–Busching Gen. Agency, Inc. v. Ambassador Ins. Co.*, 524 F.2d 1275, 1278 (5th Cir. 1975) ("[W]here the party seeking to avoid arbitration brings a suit for injunctive relief in a district other than that in which arbitration is to take place under the contract, the party seeking arbitration may assert its Section 4 right to have the arbitration agreement performed in accordance with the terms of the agreement."). Therefore, in an abundance of caution, McClatchy is requesting this Court transfer this action to the Eastern District of California.

DEFENDANT'S MOTION TO TRANSFER VENUE - 7
Case No. 3:21-cv-05468-BHS-DWC

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

that could have been brought in any federal court if the Terms of Service did not include a binding arbitration clause with a class action waiver. Also because the suit is a class action, keeping the case in the Western District of Washington will not ameliorate any conflict of law issues or the burden placed on a citizen to have jury duty for claims unrelated to this forum. Accordingly, these administrative considerations support transfer of the litigation to the Eastern District of California so that it can compel arbitration in an AAA forum, as agreed to by the parties.

Although the Eastern District of California has a slightly longer median resolution time than the Western District of Washington, the difference is a modest two months. *See* RJN Exs. B–C. Even so, Plaintiffs have waited to bring their Complaint, with claims allegedly arising in several instances more than a year ago. *See* ECF No. 1 ¶¶ 45, 62.

In light of the factors overall weighing in favor of transfer, and given the Supreme Court's acknowledgement that "[b]ecause th[e] [public–interest] factors will rarely defeat a transfer motion, the practical result is that forum–selection clauses should control except in unusual cases," *Atl. Marine*, 571 U.S. at 64, transferring this case to the Eastern District of California is proper.

## **CONCLUSION**

The parties expressly agreed that the sole venue and forum for resolving disputes between them is binding AAA arbitration in Sacramento, California on an individual basis. As this Court may not be permitted to compel the parties to arbitrate their claims in Sacramento, California, McClatchy respectfully requests the Court transfer this case to the Eastern District of California, so that it can enforce the binding arbitration clause in the governing Terms of Service.

///

///

///

///

///

///

///

DEFENDANT'S MOTION TO TRANSFER VENUE - 8
Case No. 3:21-cv-05468-BHS-DWC

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

| | | |
|---|---|---|
| 1 | DATED this 23rd day of August, 2021 | LEWIS BRISBOIS BISGAARD & SMITH LLP |

*/s/ John S. Poulos*
*/s/ Richard A. Meadows*
Johhn S. Poulos, WSBA #51957
Richard A. Meadows, WSBA #57552
John.Poulos@lewisbrisbois.com
Richard.Meadows@lewisbrisbois.com
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
Phone 206.436.2020
Fax 206.436.2030

***Attorneys for Defendant***

THE MCCLATCHY COMPANY, LLC

DEFENDANT'S MOTION TO TRANSFER VENUE - 9
Case No. 3:21-cv-05468-BHS-DWC

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020

# **CERTIFICATE OF SERVICE**

I declare under penalty of perjury under the laws of the State of Washington that on August 23, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

TERRELL MARSHALL LAW GROUP PLLC

Beth E. Terrell, WSBA #26759
Jennifer Rust Murray, WSBA #36983
Adrienne D. McEntee, WSBA #34061
bterrell@terrellmarshall.com
jmurray@terrellmarshall.com
amcentee@terrellmarshall.com
936 North 34th Street, Suite 300
Seattle, Washington 98103–8869
Telephone: (206) 816–6603
Facsimile: (206) 319–5450

TURKE & STRAUSS LLP

Samuel J. Strauss, WSBA #46971
sam@turkestrauss.com
936 North 34th Street, Suite 300
Seattle, Washington 98103–8869
Telephone: (608) 237–1775
Facsimile: (608) 509–4423

*Attorneys for Plaintiffs*

Signed at Seattle, Washington this 23rd day of August, 2021.

/s/ *Annie Kliemann*
Annie Kliemann, Legal Assistant
Email: annie.kliemann@lewisbrisbois.com

DEFENDANT'S MOTION TO TRANSFER VENUE - 10
Case No. 3:21-cv-05468-BHS-DWC

LEWIS BRISBOIS BISGAARD & SMITH LLP
1111 Third Avenue, Suite 2700
Seattle, Washington 98101
206.436.2020