UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT KELLY, ERYN LEARNED, KERRY WANO,

Plaintiffs,

v.

MCCLATCHY COMPANY LLC,

Defendant.

CASE NO. 3:21-CV-5468-BHS-DWC

ORDER ON MOTION TO TRANSFER

The District Court referred this action to United States Magistrate Judge David W. Christel. Dkt. 15. Presently before the Court is Defendant McClatchy Company, LLC's Motion to Transfer. Dkt. 21. After reviewing the relevant record, the Court finds the interests of justice warrant transferring the case to the Eastern District of California. Accordingly, the Motion to Transfer (Dkt. 21) is granted.[1]

---

[1] An order transferring venue pursuant to 28 U.S.C. §1404(a) does not address the merits of the case; therefore, it is a non-dispositive matter that is within the province of a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A). *See Pavao v. Unifund CCR Partners*, 934 F.Supp.2d 1238, 1241 n. 1 (2013).

ORDER ON MOTION TO TRANSFER - 1

### I.     Background

Plaintiffs filed suit alleging Defendant violated the Telephone Consumer Protection Act ("TCPA"). Dkt. 1. Plaintiffs contend they each purchased a subscription to a newspaper owned and operated by Defendant. *Id*. at ¶¶ 42, 55, 69. After cancelling their subscriptions, Defendant began calling Plaintiffs to solicit each Plaintiff to subscribe to the cancelled newspaper subscription. *Id*. at ¶¶ 45, 49, 58-59, 72. Despite Plaintiffs telling Defendant to stop, Defendant continued to call Plaintiffs. *Id*. at ¶¶ 48, 63, 75. Further, Plaintiffs state they registered their telephone numbers with the National Do Not Call Registry. Dkt. 1. Plaintiffs seek to bring this action on behalf of two classes: (1) a National Do Not Call Class and (2) an Internal Do Not Call Class. *Id*. at pp. 13-14.

In the Complaint, Plaintiffs allege venue is proper in this district because the telemarketing calls at issue were made in this district and throughout the United States. Dkt. 1, p. 3. On August 23, 2021, Defendant has filed the Motion to Transfer, requesting this case be transferred to the Eastern District of California based on an arbitration agreement. Dkt. 21.

### II.    Request for Oral Argument

Defendant requested oral argument. Dkt. 21 (Motion caption). The Court has reviewed the Motion, the Response, the Reply, and the relevant record and has determined this matter can be decided without oral argument. Therefore, the Court denies the request for oral argument.

### III.   Discussion

Defendant asserts the parties entered into an agreement requiring legal disputes to be arbitrated in Sacramento, California (located in the Eastern District of California). Dkt. 21. As such, Defendant moves for this case to be transferred to the Eastern District of California. *Id*.

Plaintiffs assert there is no binding arbitration agreement and, when considering the factors relevant to transferring a case, Defendant has not shown a transfer is appropriate. Dkt. 24.

      A.  *Legal Standard*

28 U.S.C. § 1404(a) permits a court to transfer an action to "any other district or division where it might have been brought" for "the convenience of parties and witnesses, in the interest of justice." *See Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). The purpose of transfer "is to prevent the waste 'of time, energy and money,' and 'to protect litigants, witnesses, and the public against unnecessary inconvenience and expense'." *Id*. (quoting *Continental Grain Co. v. Barge F.B.L.,* 364 U.S. 19, 26, 27, 80 (1960)). Courts analyzing transfers under § 1404(a) may consider:

> (1) the location where relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling witnesses, and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000). A forum-selection clause is also a "significant factor" in the Court's § 1404(a) analysis. *Id.* As the party seeking transfer, Defendant has the burden of showing that the balance of convenience of parties and the interest of justice weighs heavily in favor of transfer to overcome the strong presumption in favor of the plaintiffs 'choice of forum. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 234, 255 (1981); *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986); *Commodity Futures Trading Comm'n v. Savage*, 611 F.2d 270, 279 (9th Cir.1979).

      B.  *Analysis*

Defendant asserts the forum-selection clause warrants transferring this case to the Eastern District of California because the Western District of Washington likely does not have the

authority to enforce the arbitration agreement and compel the parties to arbitrate in Sacramento, California. Dkt. 21. Defendant also contends the remaining public-interest factors do not defeat the transfer. *Id*.

The parties agree this action could have been initiated in the Eastern District of California. Dkt. 24, p. 9 n.1; Dkt. 25, p. 3 n.1. Therefore, the Court must determine if the interests of justice and convenience to the parties necessitate transferring the case. Plaintiffs argue Factors 3, 6, and 8 – as stated above -- weigh against transferring this case. Dkt. 24.

**Factor 3:** *Plaintiffs' Choice of Forum*. A plaintiff's forum choice is usually given great deference and Plaintiffs have chosen the Western District of Washington. *See* Dkt. 1. However, the presence of a forum-selection clause is a significant factor in the decision to transfer. When the parties' contract contains a valid forum-selection clause, that clause represents their agreement as to the most proper forum. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 63 (2013). "[A] valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Id*. (quoting *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988)). Furthermore, when an individual seeks to represent a class, the plaintiff's choice of forum is given less weight. *Lou v. Belzberg,* 834 F.2d 730, 739 (9th Cir. 1987).

Here, Defendant has provided evidence the parties entered into an agreement requiring any legal dispute to be subject to arbitration in Sacramento, California. *See* Dkt. 22. The Terms of Service agreement, which an individual agrees to when subscribing to any of Defendant's newspapers, states "any legal controversy or legal claim arising out of or relating to the[] Terms of Service, [SITE_NAME], any subscription to [PAPER_NAME] or [SITE_NAME] or any other aspect of [their] relationship" would be resolved in an arbitral forum in Sacramento,

ORDER ON MOTION TO TRANSFER - 4

California. Dkt. 22, Ravera Dec.; Dkt. 22-3, p. 10. Plaintiffs do not concede they agreed to the Terms of Service. Dkt. 24. However, Defendant has provided sufficient evidence showing any individual who subscribes to a newspaper owned by Defendant agrees to the Terms of Service. Dkt. 22, Ravera Dec., ¶¶ 3-6; *see also* Dkt. 22-1, p. 3. Plaintiffs failed to provide evidence to the contrary. Rather, Plaintiffs allege they each purchased a subscription to a newspaper owned and operated by Defendant. Dkt. 1, ¶¶ 42, 55, 69. Thus, the Court finds Defendant has provided sufficient evidence showing Plaintiffs agreed to the Terms of Service.

Plaintiffs state that, regardless of whether they agreed to the Terms of Service, the conduct giving rise to this lawsuit occurred after Plaintiffs terminated the contract with Defendant and, therefore, the arbitration agreement does not apply. Dkt. 24. A court may not transfer an action pursuant to a forum-selection clause when the plaintiff's claims fall outside the scope of the forum-selection clause. *See In re Orange, S.A.*, 818 F.3d 956, 962 (9th Cir. 2016); *Manetti-Farrow, Inc. v. Gucci Am. Inc.*, 858 F.2d 509, 514 (9th Cir. 1988). However, "a forum selection clause which covers 'disputes arising out of or relating to' a contract applies much more broadly, as the inclusion of the phrase 'relating to' should lead to a broader interpretation." *Sun v. Kao*, 170 F. Supp. 3d 1321, 1324 (W.D. Wash. 2016), *aff'd sub nom. Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081 (9th Cir. 2018) (internal quotations omitted).

Here, the language of the agreement states that any legal controversy or claim arising out of or relating to the Terms of Service, any subscription, or any other aspect of the parties' relationship would be resolved through arbitration in California. Dkt. 22, Ravera Dec.; Dkt. 22-3, p. 10. The language of the Terms of Service requires a broader interpretation of the application of the arbitration forum selection. The claims in this action reasonably relate to Plaintiffs and

Defendant's subscription relationship. *See* Dkt. 1. Therefore, the Court finds, for purposes of this Motion to Transfer, Plaintiffs claims are arguably related to the Terms of Service agreement.

Additionally, Plaintiffs seek to represent a nation-wide class. Plaintiffs are located in Washington, Idaho, and Missouri and Defendant owns and publishes newspapers in at least twenty-nine markets in fourteen different states. Dkt. 1. There is no evidence showing this District is a more convenient forum for all Plaintiffs and Defendant. As evidence shows an arbitration agreement may apply in this case and as Plaintiffs, located nation-wide, seek to represent a class, their choice of forum is entitled to minimal weight in this case. Overall, the Court finds Factor 3 weighs in favor of transferring the case.

**Factor 6:** *The differences in the costs of litigation in the two forums.* Plaintiffs concede there is no appreciable difference in the cost of litigation. *See* Dkt. 24, p. 11. Plaintiff also contends the Eastern District of California is more congested than this District, resulting in a delay in the case. The Court finds the Eastern District of California's slightly longer case resolution time does not outweigh the other factors in this case. Therefore, the Court finds Factor 6 is neutral.

**Factor 8:** *The ease of access to sources of proof.* Plaintiffs again concede that modern technology makes access to documentary proof easy from virtually any location. Further, the three named Plaintiffs all reside in different states and Plaintiffs seek to certify this case as a class action, which could involve over fourteen states, making this District no more accessible to sources of proof than the Eastern District of California. In this case, Factor 8 is neutral or weighs slightly in favor of transferring the case to the arbitration location agreed to in the Terms of Service.

A review of the factors argued by the parties favors transferring this case.[2] Regardless, based on the record, the main issue is whether the arbitration agreement applies and, if it does, can this Court compel arbitration in Sacramento, California. *See* Dkt. 24. First, "[t]he Ninth Circuit has held that [Federal Arbitration Act] language prohibits a district court from ordering parties to arbitrate outside of the district in which a motion to compel is filed." *Lexington Ins. Co. v. Centex Homes*, 795 F. Supp. 2d 1084, 1091 (D. Haw. 2011) (citing *Continental Grain Co. v. Dant & Russell*, 118 F.2d 967 (9th Cir. 1941); *Smalls v. TrueBlue, Inc.*, 2015 WL 3936364, at *2 (W.D. Wash. June 26, 2015) ("this Court cannot compel an arbitration outside this district").[3] Thus, if the arbitration agreement is applicable in this case, the Court may not be able to enforce the agreement and order arbitration in Sacramento, California.

Second, Plaintiffs' argument that the arbitration agreement is unenforceable or not applicable to this case is a defense to a not-yet-filed motion to compel arbitration. As discussed above, the Court finds the arbitration agreement is arguably related to the allegations raised in the Complain. Whether the terms in the Terms of Service are enforceable is not an issue before this Court because Defendant has not moved to compel arbitration. Based on the above factors, this case should be transferred to the Eastern District of California, where Sacramento is located. After transfer, the parties can litigate whether this case is covered by an enforceable arbitration

---

[2] The Court declines to discuss irrelevant factors or factors that were not raised by the parties. However, the Court has considered the remaining factors, and finds these factors do not outweigh the factors which show this case should be transferred to the Eastern District of California.

[3] The Court notes there is some case law indicating this Court can compel arbitration in another district. *See Krause v. Expedia Group, Inc.*, 2019 WL 4447317 (W.D. Wash. Sept. 17, 2019) (compelling arbitration in Dallas County, Texas in a case filed in the Western District of Washington). However, even if the Court could compel arbitration in Sacramento, California, convenience, the unnecessary waste of time and money, and the interests of justice warrant transferring this case to the Eastern District of California where there will be no dispute regarding the ability to compel arbitration in the agreed forum.

agreement and, if so, the Eastern District of California will be able to compel arbitration within its district.

### IV.     Conclusion

The Court has reviewed the relevant factors and arguments presented by the parties. For the reasons discussed in this Order, the Court finds the interests of justice warrant transferring this case to the Eastern District of California. Therefore, the Motion to Transfer (Dkt. 21) is granted. The Court orders this case be transferred to the Eastern District of California in Sacramento and the case be closed.

Dated this 5th day of October, 2021.

David W. Christel
United States Magistrate Judge